UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>                                 Plaintiff,<br><br>   v.<br><br>JAMES HEBBARD and DOES 1–20,<br><br>                             Defendants. | Case No. 21-cv-00039-BAS-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY AND TO STAY PROCEEDINGS (ECF No. 5);**<br><br>**(2) GRANTING PLAINTIFF'S UNOPPOSED MOTION TO AMEND COMPLAINT (ECF No. 7); AND**<br><br>**(3) VACATING SCHEDULING ORDER. (ECF No. 6.)** |

Plaintiff Jane Doe is an inmate at the Metropolitan Correctional Center (MCC) in San Diego, California. (Compl., ECF No. 1.) Doe brings this civil rights action against a correctional officer, James Hebbard, alleging that Hebbard sexually assaulted her at the MCC. (*Id.*) Doe remains in federal custody. She moves to proceed anonymously to prevent humiliation and risk of further injury from the disclosure of her identity. (ECF No. 5.) In a separate motion, Doe requests to add a claim under the Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–80, against the United States. (ECF No. 7.) Doe represents that she has exhausted her administrative remedies. (*Id.*) The Court finds that the motions are suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d).

## I.   MOTION TO PROCEED UNDER A FICTITIOUS NAME

Doe seeks to prevent the disclosure of her identity for two reasons: (1) her case is about matters of sensitive and personal nature relating to the alleged sexual assault; and (2) a disclosure of her identity would place her at risk of further injury because Doe remains incarcerated at the MCC, where the defendant allegedly assaulted her. (ECF No. 5.) Rule 10(a) of the Federal Rules of Civil Procedure requires that "all the parties" be named in the title of the Complaint. The default rule in this circuit is "that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010).

It is thus an exception, and not the norm, for a party to proceed under a fictitious name. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Two competing interests at stake are "the public's right to open courts" and "the right of private individuals to confront their accusers." *Kamehameha Sch.*, 596 F.3d at 1042. Courts may allow a party to keep their identity private when doing so would be "necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Advanced Textile Corp.*, 214 F.3d at 1068 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir.1981)).

The Court may allow a party to preserve his or her anonymity "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068.  In addition, where a plaintiff seeks to use a fictitious name to shield herself from retaliation, the court must evaluate: (1) "the severity of the threatened harm"; (2) "the reasonableness of the anonymous party's fears"; (3) "the anonymous party's vulnerability to such retaliation"; (4) "the precise prejudice at each stage of the proceedings to the opposing party"; (5) "whether proceedings may be structured so as to mitigate that prejudice"; and (6) "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.*

Here, Doe presents a strong reason for the Court to allow her to preserve her anonymity.  Doe alleges that she is a victim of sexual assault.  Courts have recognized the heightened need for anonymity held by victims of sexual assault.  *See Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of . . . rape victims").  Doe's fear of retaliation is reasonable.  Her status as an inmate in the same detention facility where she was allegedly injured places her in a vulnerable position to be subjected to harassment or other form of retaliation.  Defendant has not opposed this motion, much less spell out the precise prejudice he would suffer at each stage of the proceedings.  The public would not suffer by not knowing Doe's identity.  Doe's need for anonymity outweighs prejudice to the defendant and the public's interest in knowing Doe's identity.

In sum, the Court finds good cause to apply an exception and allow Doe to maintain anonymity in litigating this action.  The Court thus **GRANTS** Doe's motion to proceed under a fictitious name. (ECF No. 5.)

## II. MOTION TO STAY PROCEEDINGS

Doe initially sought to stay the proceedings pending the exhaustion of administrative remedies required to bring a claim under the FTCA. (ECF No. 5 at 3–4.)  Doe represents

that the Bureau of Prisons has since denied her administrative claims and she has since exhausted her administrative remedies.  (ECF No. 7 at 1–2.)  Based on Doe's representation, the Court **DENIES** her motion to stay as moot.  (ECF No. 5.)

### III.  MOTION TO AMEND COMPLAINT

Doe requests the Court's leave to file an amended complaint adding an FTCA claim against the federal government.  (ECF No. 7.)  Doe represents that Defendant Hebbard does not oppose the motion.  (*Id.*)  Under Rule 15 of the Federal Rules of Civil Procedure, a post-answer amendment may only be filed with the leave of court.  Fed. R. Civ. P. 15(a)(2).  The leave to amend should be freely given "when justice so requires."  *Id.*  "The propriety of a motion for leave to amend is generally determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party."  *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985).  None of these factors is present here.  Thus, the Court **GRANTS** Plaintiff leave to amend her complaint.  Accordingly, the Court **VACATES** the Scheduling Order entered on March 1, 2021.  (ECF No. 6.)

### III.  CONCLUSION

Plaintiff's motion to proceed under pseudonym and to stay proceedings is **GRANTED IN PART AND DENIED IN PART**.  (ECF No. 5.)  Plaintiff's motion to amend complaint and vacate scheduling order is **GRANTED**.  (ECF No. 7**.) On or before April 6, 2021**, Doe shall file the proposed amended complaint attached as Exhibit A to her motion as her First Amended Complaint. The Court **VACATES** the Scheduling Order entered on March 1, 2021.  (ECF No. 6.)

**IT IS SO ORDERED.**

**DATED: March 30, 2021**

Hon. Cynthia Bashant
United States District Judge