UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>                         Plaintiff,<br><br>  v.<br><br>JAMES HEBBARD, *et al.*,<br><br>                         Defendants. | Case No. 21-cv-00039-BAS-AGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART UNITED STATES' MOTION TO DISMISS WITHOUT PREJUDICE**<br>**(ECF No. 14)** |

**I.  BACKGROUND**

According to Plaintiff's complaint, on January 20, 2018, while she was in custody at the MCC, Correctional Officer James Hebbard sexually assaulted her. (First Am. Compl. ("FAC") ¶¶ 16–18, ECF No. 9.) Plaintiff alleges Hebbard also "engaged in improper and assaultive sexual conduct with other female pretrial detainees and inmates (i.e. post conviction detainees) at the MCC." (*Id.* ¶18.)

Plaintiff initially filed a Complaint against Hebbard (ECF No. 1), but then amended the Complaint to add the United States as a party, alleging violations of the Federal Tort Claims Act ("FTCA"). (FAC, ECF No. 9.) The United States moves to dismiss under Rule 12(b)(6), claiming Plaintiff's claims are time-barred, and under Rule 12(b)(1) because

the negligence claims are barred by the discretionary function exception to FTCA liability. (ECF No. 14.) Plaintiff responds (ECF No. 17), and the United States replies (ECF No. 18). The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **DENIES** the Motion to Dismiss under Rule 12(b)(1) but **GRANTS** the Motion to Dismiss under Rule 12(b)(6) with leave to amend.

## II.     ANALYSIS

### A.     Rule 12(b)(6)—Time Limits of FTCA

A district court may dismiss a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure "'[i]f the running of the statute is apparent on the face of the complaint.'" *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1045 (9th Cir. 2011) (quoting *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980)). Under 28 U.S.C. §2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues[.]" 28 U.S.C. § 2401(b). The claim is deemed "presented" when it is received by the agency. *Redlin v. United States*, 921 F.3d 1133, 1136 (9th Cir. 2019) (citing 28 C.F.R. § 14.2(a)). The claim accrues at the time of the injury. *Hensley v. United States,* 531 F.3d 1052, 1056 (9th Cir. 2008).

This FTCA limitation is non-jurisdictional and thus subject to equitable tolling. *United States v. Wong,* 575 U.S. 402, 410–12 (2015). "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.'" *Redlin,* 921 F.3d at 1140 (quoting *Credit Suisse Secs. (USA) LLC v. Simmonds,* 566 U.S. 221, 227 (2012)).

"When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to

respond." *United States v. Ritchie,* 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the compliant, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908. "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.*; *see also Zappulla v. Fischer,* No. 11 Civ. 6733 (JMF), 2013 WL 1387033, at *1 (S.D.N.Y. Apr. 5, 2013) ("[A] court may consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit.").

Plaintiff alleges she was injured on January 20, 2018. (FAC ¶ 17.) Therefore, under § 2401(b), she was required to present her claims under the FTCA by January 19, 2020. Plaintiff alleges she "filed an administrative claim with the Bureau of Prisons (BOP) under the Federal Tort Claims Act (FTCA). The claim was denied by the BOP in a letter to Plaintiff's counsel dated March 1, 2021. Thus, Plaintiff has exhausted her administrative remedies." (FAC ¶ 10.) Although Plaintiff does not allege the date she filed the administrative claim, the Court may consider the actual documents that form the basis of this claim and on which she relied in bringing this suit. The Government presents a copy of the claim signed by Plaintiff's counsel, dated January 10, 2021, and sent via certified mail. (*See* Attach. A to Declaration of Jennifer Vickers ("Vickers Decl."), ECF No. 14-1.) The BOP responded on January 15, 2021, that it was denying the claim as untimely since it was filed in excess of the two-year filing limitation. (Attach. B to Vickers Decl.) Thus, it is clear that the claim was not timely filed within the two-year period.

Counsel argues, both in his brief and in the original claim, that the statutory period was both equitably tolled and that equitable estoppel should be applied to toll the statute. Although ordinarily the applicability of the equitable tolling doctrine depends on matters outside the pleadings and is not generally amenable to resolution on a Rule 12(b)(6) motion

(*Supermail Cargo, Inc. v. United States,* 68 F.3d 1204, 1206 (9th Cir. 1995)), in this case, plaintiff has made no allegations in the pleading whatsoever that would support either equitable tolling or equitable estoppel. Plaintiff vaguely suggests in his papers that because of "the vulnerability of inmates vis-à-vis guards," equitable tolling could be applicable. That well may be true, but not every inmate is entitled to equitable tolling. *See Davis v. Jackson,* No. 15-cv-5359 (KMK), 2016 WL 5720811 (S.D.N.Y. Sept. 30, 2016). If that was the case, the limitations of the FTCA would be eviscerated with respect to lawsuits brought by prisoners. Instead, Plaintiff must allege some set of facts that would support the argument she is now making that she has been pursuing her rights diligently and some extraordinary circumstance took that ability away. This she has not done. However, because she may be able to allege facts that support her arguments regarding equitable estoppel and/or equitable tolling, the Court will grant her leave to amend to add these allegations. *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[D]istrict court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts.'").

**B.     Rule 12(b)(1)—Discretionary Function Exception to FTCA Liability**

"The FTCA waives the federal government's sovereign immunity for tort claims arising out of the negligent conduct of government employees or agencies in circumstances where the United States, if a private person, would be liable to the claimant under the law of the place where the act or omission occurred." *Green v. United States,* 630 F.3d 1245, 1249 (9th Cir. 2011), citing *Terbush v. United States,* 516 F.3d 1125, 1128-29 (9th Cir. 2008). "However, the discretionary function exception provides an exception to the waiver of immunity from suit under the FTCA for 'any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the federal agency or employee of the Government, whether or not the discretion involved be abused.'" *Id.* (quoting 28 U.S.C. § 2680(a)). "If the exception applies, immunity is reinstated." *Id.* Thus, the Government in this case moves to dismiss Counts

14–16, the negligence claims against the United States, as barred by the discretionary exception to the FTCA.

In analyzing the discretionary function exception, "first, the court must determine whether the challenged conduct involves an element of judgment or choice." *Nurse v. United States,* 226 F.3d 996, 1001 (9th Cir. 2000). "An agency must exercise judgment or choice where no statute or agency policy dictates the precise manner in which the agency is to complete the challenged task." *Green v. United States,* 630 F.3d at 1250 (citing *Childers v. United States,* 40 F.3d 973, 976 (9th Cir. 1994)).

If the court determines the challenged conduct involves a choice or discretion on the part of the government, "the court must [then] determine whether the conduct implements social, economic or political policy considerations." *Nurse,* 226 F.3d at 1001; *see also Green,* 630 F.3d at 1251 (even if the court decides the alleged conduct involved an element of choice or discretion the court must then consider whether that choice "involved the type of public policy judgment that the discretionary function exception is designed to shield.") The purpose behind the discretionary function exception is "to prevent judicial second-guessing of legislative and administrative decisions grounded in public policy.'" *Green,* 630 F.3d at 1249 (quoting *Berkovitz v. United States,* 486 U.S. 531, 536–37 (1988)).

The Ninth Circuit has recognized "the difficulty of charting a clear path through the weaving lines of precedent regarding what decisions are susceptible to social, economic, or political policy analysis" and what are not. *Whisnant v. United States,* 400 F.3d 1177, 1181 (9th Cir. 2005). "Government actions can be classified along a spectrum, ranging from those 'totally divorced from the sphere of policy analysis,' such as driving a car, to those 'fully grounded in regulatory policy,' such as regulation and oversight of a bank." *Id.* (quoting *O'Toole v. United States,* 295 F.3d 1029, 1035 (9th Cir. 2002)). In determining where on the spectrum a given allegation against the government falls, the Court provides two guidelines. First, the Court distinguishes between design and implementation: "we have generally held that the *design* of a course of governmental action is shielded by the discretionary function exception, whereas the *implementation* of that course of action is

not." *Id*. "Second, and relatedly, matters of scientific and professional judgment—particularly judgments concerning safety—are rarely considered to be susceptible to social, economic, or political policy." *Id.*

Generally, when deciding a Rule 12(b)(1) motion challenging subject matter jurisdiction, the burden of proof is on the party asserting jurisdiction and the court will presume a lack of jurisdiction until the pleader proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am,* 511 U.S. 375, 377 (1994). However, the burden of proving that an exception to the FTCA exists lies with the government. *Prescott v. United States,* 973 F.2d 696, 702 (9th Cir. 1992). Nonetheless, "a plaintiff must advance a claim that is facially outside the discretionary function exception in order to survive a motion to dismiss." *Doe v. Holy See*, 557 F.3d 1066, 1084 (9th Cir. 2009) (quoting *Prescott*, 973 F.2d at 702 & n. 4).

As explained by the Court in *Prescott:*

> [A] plaintiff can invoke jurisdiction only if the complaint is facially outside the exceptions of § 2680. This does not mean, [however,] that the plaintiff must disprove every exception under § 2680 to establish jurisdiction pursuant to the FTCA. What it does mean is that a plaintiff may not invoke federal jurisdiction by pleading matters that clearly fall within the exceptions of § 2680. Only after a plaintiff has successfully invoked jurisdiction by a pleading that facially alleges matters not excepted by § 2680 does the burden fall on the government to prove the applicability of a specific provision of § 2680.

973 F.2d at 701 (quoting *Carlyle v. United States,* 674 F.2d 554, 556 (6th Cir. 1982)).

When analyzing whether the discretionary exception applies, "'the question of how the government is alleged to have been negligent is critical.'" *Young v. United States,* 769 F.3d 1047, 1054 (9th Cir. 2014) (quoting *Whisnant,* 400 F.3d at 1185). The Court must focus on the nature and conduct being alleged by the plaintiff rather than the status of the actor. *Nurse,* 226 F.3d at 1001. "[T]he question of *whether* the government was negligent is irrelevant to the discretionary function exception" but "the issue of *how* the government was negligent remains 'critical' to the discretionary function exception inquiry—indeed,

determining the precise action the government took or failed to take (that is, how it is alleged to have been negligent) is a necessary predicate to determining whether the government had discretion to take that action." *Young,* 769 F.3d at 1054.

"[T]he decision of whether and how to retain and supervise an employee, as well as whether to warn about his dangerous proclivities, are the type of discretionary judgments that the exclusion was designed to protect." *Holy See*, 557 F.3d at 1084; *see also Vickers v. United States,* 228 F.3d 944, 950 (9th Cir. 2000) ("[D]ecisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield"); *Tonelli v. United States,* 60 F.3d 492, 496 (8th Cir. 1995) ("Issues of employee supervision and retention generally involve the permissible exercise of policy judgment and fall with the discretionary function exception.")  However, allegations that the government failed to act after notice of an illegal act "does not represent a choice based on plausible policy considerations." *Tonelli,* 60 F.3d at 496; *see also Milano v. Aguilerra,* No. 09-cv-2469-L (BLM), 2011 WL 662973 (S.D. Cal. Feb. 14, 2011) (holding that if the gravamen of the claim is that, despite knowledge of government employee's track record for sexual harassment, the government retained him and did not take any corrective action, this goes beyond negligent hiring, training and supervision, and is not subject to the discretionary function exception).

In this case, Plaintiff makes two allegations with respect to the United States.  In claim 14, Plaintiff alleges that the United States was negligent in hiring, retention, supervision and control of Hebbard.  (FAC ¶ 84.)  Plaintiff claims the United States was aware or reasonably should have been aware of Hebbard's conduct. (*Id.* ¶ 5.)  And Plaintiff alleges the government either facilitated Hebbard's conduct or willfully and recklessly ignored it. (*Id*.)  Second, Plaintiff alleges that the United States had a special relationship with the plaintiff because she was under their care and control and that they committed or facilitated or failed to take reasonable measures to prevent the sexual assault that occurred. (*Id.* ¶¶ 71, 84.) Specifically, Plaintiff alleges that the United States was aware of the conduct or willfully and recklessly ignored it and did nothing to protect the plaintiff.  (FAC

¶ 19.)  Finally, plaintiff alleges the conduct could not have occurred but for the help, assistance and/or acquiescence of other officials.  (FAC ¶ 20.)

Considering these allegations in the light most favorable to the plaintiff, the Court finds the alleged conduct is not shielded by the discretionary function exception.  Although generally supervision, retention, and hiring fall within this exception, in this case Plaintiff alleges more, claiming that the United States was aware of Hebbard's conduct, ignored and assisted in it and this led to Hebbard being able to take advantage of the plaintiff.  This conduct, if it is proven true, does not represent a choice based on plausible policy considerations.  Similarly,  claims that the United States facilitated, assisted, and acquiesced in the conduct fall outside the discretionary function exception.  These actions reflect the implementation of a course of action rather than the design of a course of governmental action.

### III.  CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss under Rule 12(b)(1) and finds that the allegations are not subject to the discretionary function exception.  However, the Court **GRANTS** the Motion to Dismiss under Rule 12(b)(6) as the claims were not timely presented to the appropriate federal agency as required by the FTCA.  Because Plaintiff may be able to allege sufficient facts showing equitable tolling, the Court grants Plaintiff leave to amend.  Any amended pleading must be filed **on or before January 7, 2022.**

IT IS SO ORDERED.

DATED: December 8, 2021

Hon. Cynthia Bashant
United States District Judge